## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KHALIFA K. AHDNAHD, | ) |
| Movant, | ) |
| v. | ) No. 4:08-CV-858 CAS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

### **MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion will be summarily denied.

On March 3, 2006, movant pled guilty to one count of possession with intent to distribute cocaine base and one count of possession of a firearm in furtherance of a drug trafficking crime. United States v. Ahdnahd, 4:08-CR-003 CAS (E.D. Mo). On May 23, 2006, the Court sentenced movant to a prison term of twenty-one months on the drug count and a prison term of sixty months on the gun count, with the sentences to be served consecutively. Movant did not appeal the judgment. As a result, the judgment became final on approximately June 7, 2006.

On February 12, 2008, movant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) based on the recent retroactive change to U.S.S.G § 2D1.1. On April 2, 2008, the Court granted the motion and reduced movant's sentence on the drug count to a prison term of fifteen months. Movant did not timely file a notice of appeal.

Movant has now filed a motion pursuant to § 2255 in which he seeks to attack his current sentence. The motion contains two grounds for relief, both of which are predicated on ineffective

assistance of counsel during the resentencing proceedings. Movant argues that his sentence should be adjusted downward.

**Discussion**

Movant's sentence became final for purposes of § 2255 on or about June 7, 2006. See United States v. Townsend, 98 F.3d 510, 512-13 (9th Cir. 1996) (§ 3582 proceedings do not alter finality of underlying criminal judgment) (citing to United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995)). As a result, the instant motion is barred by § 2255's one-year period of limitations, and movant is not entitled to relief.

Even if the motion were timely, a district court's ruling on a § 3582 motion is not a ruling subject to collateral attack via a § 2255 motion. C.f. Whitebird, 55 F.3d at 1011.

Finally, a prisoner seeking modification of a sentence does not have a Sixth Amendment right to counsel during proceedings under § 3582(c). Id.; Townsend, 98 F.3d at 512-13. As a result, there is no basis for movant to attack his modified sentence for ineffective assistance of counsel.

For each of these reasons, movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 will be summarily denied. See Rule 4(b) of the Rules Governing § 2255 Proceedings (summary dismissal). And because movant has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   25th   day of June, 2008.